Diane **ROXBURY**, Plaintiff–Appellant,

v.

Carolyn W. **COLVIN**, Acting Commissioner of Social Security,[*] Defendant–Appellee.

No. 11–36064.

United States Court of Appeals, Ninth Circuit.

---

[*] Carolyn W. Colvin, Acting Commissioner of Social Security, is substituted for her predecessor pursuant to Fed. R.App. P. 43(c)(2).

Submitted March 5, 2013.**

Filed March 18, 2013.

Tim Wilborn, Wilborn Law Office, PC, Las Vegas, NV, for Plaintiff–Appellant.

Adrian Lee Brown, Assistant U.S., Office of the U.S. Attorney, Portland, OR, Thomas M. Elsberry, Esquire, Special Assistant U.S., SSA–Social Security Administration Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: TASHIMA, CLIFTON, and BEA, Circuit Judges.

## MEMORANDUM ***

Appellant Diane Roxbury appeals the district court's denial of bad faith fees and reduction of supplemental attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §§ 2412(b) & 2412(d)(1)(A), respectively. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. "[A]warding fees based on bad faith is punitive and should be imposed only in exceptional cases and for dominating reasons of justice." *Rodriguez v. United States,* 542 F.3d 704, 711 (9th Cir.2008). The Commissioner had at least some reason to argue for a reduction, so the Commissioner's conduct did not constitute an "exceptional case" where "dominating reasons of justice" required a finding of bad faith. *See id.* at 711.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

2. In its denial or reduction of attorneys' fees, the district court "must explain how it came up with the amount." *Moreno v. City of Sacramento,* 534 F.3d 1106, 1111 (9th Cir.2008). However, if "the difference between the lawyer's request and the court's award is relatively small, a somewhat cursory explanation will suffice." *Id.* Here, the district court adequately explained its reasoning—i.e., duplication of hours, inefficient division of labor, and block billing—for the small fee reduction.

AFFIRMED.